IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DALILA PENA,<br>    *Plaintiff,*<br><br>VS.<br><br>STATE FARM FIRE AND<br>CASUALTY INSURANCE<br>COMPANY,<br>    *Defendant.* | §<br>§<br>§<br>§   Civil Action No.: 5:22-cv-395<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Fire and Casualty Company ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and respectfully shows the following:

*Procedural Background*

1. On March 14, 2022, Plaintiff Dalila Pena ("Plaintiff") filed her Original Petition ("Original Petition") against diverse Defendant State Farm Fire and Casualty Company, styled Cause No. 2022CI04670; *Dalila Pena v. State Farm Fire and Casualty Company,* in the District Court 37th Judicial District Court of Bexar County, Texas. Plaintiff served State Farm on March 23, 2022.

*Nature of the Suit*

2. This lawsuit involves claims for personal injuries arising out of an automobile accident which occurred on November 9, 2019. Plaintiff claims a vehicle being driven by Edwin Chavez struck a vehicle being driven by Plaintiff in the rear at the intersection of US Hwy 281 and Stone Oak Parkway. Plaintiff's Original Petition asserts claims against State Farm for

1

declaratory judgment, a breach of the duty of good faith and fair dealing, and for violations of the Texas Insurance Code and the Deceptive Trade Practices Act (the "DPTA"). Plaintiff's Original Petition seeks actual damages, exemplary damages, pre and post-judgement interest, attorney's fees, and all costs of court.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. At the time State Farm was served with the citation on March 23, 2022, and as of the date of filing this Notice, State Farm was and is a citizen of Illinois. Defendant was incorporated under the laws of the State of Illinois, and its principal place of business is in Bloomington, Illinois. Accordingly, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5. Upon information and belief, Plaintiff is a citizen of Texas when he filed his Original Petition, and continues to be a citizen of Texas. (*See* Plaintiff's Original Petition, ¶ 5).

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff pleads in his Original Petition damages between $250,000.00 and one million and 00/100 dollars. (*See* Plaintiff's Original Petition, ¶ 3). Further, Plaintiff pleads for the recovery of damages pursuant to alleged extra-contractual common law and statutory violations of the Texas Insurance Code. Finally, Plaintiff pleads for the recovery of attorney's fees. *See St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (in addition to policy limits and potential attorney's fees, items to be considered in ascertaining amount in controversy for diversity purposes, when

insurer could be liable for those sums under state law, are inter alia, penalties, statutory damages, and punitive damages).

### *The Removal is Procedurally Correct*

7. Plaintiff filed suit against Defendant State Farm in state court on March 14, 2022. State Farm was not served with citation until March 23, 2022.

8. Removal is timely pursuant to 28 U.S.C. § 1446(b) and (c) and *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298 (5th Cir. 2014). In *Thompson*, the Fifth Circuit held that a defendant's right to removal under 28 U.S.C. § 1446(b) and (c) runs from the date it is formally served with process. Here, State Farm removed the case within thirty days of the date it was served.

9. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice.

11. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant State Farm files this Notice, written notice of filing of this Notice of Removal will be given to Plaintiff, the adverse party.

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 37th Judicial District Court of Bexar County, Texas, promptly after Defendant State Farm files this Notice.

WHEREFORE, Defendant State Farm Fire and Casualty Company requests that this action be removed from the 37th Judicial District Court of Bexar County, Texas to the United

States District Court for Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

    Respectfully submitted,

    LINDOW STEPHENS SCHULTZ LLP

By: _____
David R. Stephens
Attorney in Charge
State Bar No. 19146100
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lsslaw.com

*Counsel for Defendant State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing Defendant State Farm Fire and Casualty Company's Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent on this 22nd day of April 2022, addressed to those who do not receive notice from the Clerk of the Court.

Joe A. Gamez
Anthony "Tony" Garza-Vale
GAMEZ LAW FIRM
1119 Fresno
San Antonio, Texas 78201
tony@jagamezlawfirm.com

    _____
    David R. Stephens